UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 8:21-cr-231-TPB-JSS

LEONARDO CAMACHO RAMOS, et al.,

    Defendants.
_____/

**ORDER GRANTING UNITED STATES' MOTION FOR**
**AUTHORIZATION TO DESTROY BULK CONTRABAND**

This matter is before the Court on "United States' Motion for Authorization to Destroy Bulk Contraband," filed on August 30, 2021. (Doc. 37). Although the motion is opposed, Defendants did not file any response in opposition. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

Defendants were charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count One) and possession with intent to distribute five kilograms or more of cocaine (Count Two), all while abord a vessel subject to the jurisdiction of the United States. According to the indictment, Defendants were the three crew members onboard the go-fast vessel ("GFV"). The Coast Guard boarding team found 43 bales of cocaine in plain view on the deck of the GFV, and another 3 bales in the water. In total, the Coast Guard seized 46 bales, containing approximately 1,424 kilograms of cocaine. In accordance with standard protocol, the Coast Guard transferred custody of all the cocaine bales to federal agents for inventory, processing, and testing.

On August 18, 2021, the United States provided Defendants with a notice from the Drug Enforcement Administration stating that the bulk quantity of drugs seized in this case would be destroyed in sixty days pursuant to 21 U.S.C. § 881(f)(2), and that 10 kilograms of the 1,424 kilograms seized would be retained as evidence. Defendant Leonardo Camacho Ramos objected to the destruction of all drugs until a final laboratory report was provided to the parties. Camacho Ramos was not requesting independent inspection or testing at that time but wanted to preserve the opportunity to do so after review of the final lab report.

## Analysis

21 U.S.C. § 841(f)(2) authorizes the Attorney General to "direct the destruction of all controlled substances in schedule I or II seized" in connection with a controlled substance offense. 28 C.F.R. § 50.21 provides the procedure to exercise this authority. "This regulation is intended to prevent the warehousing of large quantities of seized contraband drugs which are unnecessary for due process in criminal cases. Such stockpiling of contraband drugs presents inordinate security and storage problems which create additional economic burdens on limited law enforcement resources of the United States." 28 C.F.R. § 50.21(c).

"Destruction of evidence in a criminal case is reviewed through an analysis of due process." *United States v. Marin*, No. 8:19-cr-488-T-36JSS, 2020 WL 7364601, at *5 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Brown*, 9 F.3d 907, 910 (11th Cir. 1993)), *report and recommendation adopted sub nom. United States v. Asdrubal Quijada Marin*, No. 8:19-cr-488-T-36JSS, 2020 WL 6537383 (M.D. Fla. Nov. 6, 2020). To establish a due process violation, a defendant is required to show "that the evidence at issue would have played a significant role in his defense." *Id*. (citing *California v. Trombetta*, 467 U.S. 479,

488 (1984)).  The evidence must therefore possess "an exculpatory value that was apparent before the evidence was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* (quoting *Trombetta*, 467 U.S. at 489).  If a defendant establishes that the destroyed evidence would have been potentially exonerating, the defendant must still show that the government acted in bad faith when destroying the evidence. *Id.*

In this case, Defendants have failed to allege or explain how the bulk contraband that the Government seeks to destroy may be exculpatory.  The Government is in the process of testing a representative sample and will provide a lab report, which will contain any possible exculpatory evidence.[1]  In addition, there is no allegation or showing that the Government is acting in bad faith by seeking to destroy bulk contraband in accordance with standard procedures.  Because Defendants have failed to show any possible due process concerns, the motion is granted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2021.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] Defendants do not allege a specific intent to perform independent testing of the contraband. Instead, they appear to only request that the Government not destroy the bulk contraband until after the Government's own testing has been completed.  The Government is not required to test every kilogram.